# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. WILLIAMS, </br></br>    Plaintiff,</br></br>    v.</br></br>JAY EDWARD CERNY dba LOS OLIVOS CML, Inc., CCOW dba County Bank of Merced, MATT PERETZ dba Argo Equities,</br></br>    Defendants. | 1:10-cv-01793 AWI GSA</br></br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S COMPLAINT**</br></br>(Document 1) |

Plaintiff Michael J. Williams ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint against Defendants Jay Edward Cerny, dba Los Olivos CML, Inc., CCOW, dba County Bank of Merced, and Matt Peretz, dba Argo Equities, on September 30, 2010.  (Doc. 1.)

**DISCUSSION**

**A.**     ***Screening Standard***

Pursuant to Title 28 of the United States Code section 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim.  The Court must dismiss a

1

complaint or portion thereof if the Court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While legal conclusions can provide a framework of a complaint, they must be supported by factual allegations. *Iqbal*, 129 S.Ct. at 1950. While factual allegations are accepted as true, legal conclusion are not. *Iqbal* at 1949.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. V. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

**B.**   *Plaintiff's Allegations*

Plaintiff's complaint alleges a violation of his rights pursuant to Title 18 of the United States Code section 1346, or "the 'honest services' fraud statute," as well as a breach of fiduciary duty pursuant to Title 29 of the United States Code section 1109.  (Doc. 1 at 1.)  Generally speaking, Plaintiff claims that Defendants were privy to certain financial information related to his business, B & T Industries, and that Defendants used the information improperly, to the degree Plaintiff suffered significant losses while Defendants benefitted financially.  (Doc. 1 at 2-4.)  Plaintiff seeks damages in the amount of $4,200,000.  (Doc. 1 at 4-5.)

**C.**   *Analysis*

**1.**   **18 U.S.C. § 1346**

Plaintiff claims that all Defendants have "violated rights protected under federal law" pursuant to Title 18 of the United States Code section 1346, the "'honest services' fraud statute." (*See* Doc. 1 at 1.)

Title 18 of the United States Code involves crimes and criminal procedure.  More particularly, section 1346 of that title, specifically referenced by Plaintiff, provides as follows: "For purposes of this chapter, the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services."

"The fact that a federal statute has been violated and some person harmed does not automatically give rise to a private right of action." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979).  "Instead, the statute must either explicitly create a right of action or implicitly contain one." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1230 (9th Cir. 2008).  Here, a violation of section 1346 of Title 18 of the United States Code is a criminal provision that provides no basis for civil liability. *See e.g., Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that criminal statutes "provide no basis for civil liability"); *see also Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (criminal statutes do not generally provide a private cause of action nor basis for civil

liability); *Moore v. Kamikawa*, 940 F.Supp. 260, 265 (D.Hawai'i 1995) (criminal conspiracy statutes, making it a crime for two or more persons to conspire to deprive another of rights secured by the Constitution or laws of the United States or to deprive another of such rights, under color of law, on account of alienage, color, or race, provided no basis for civil liability); *John's Insulation, Inc. v. Siska Const. Co., Inc.*, 774 F.Supp. 156 (S.D.N.Y. 1991) (federal criminal statute which permits federal prosecutions for interference with federally protected rights confers neither substantive rights nor private right of action for damages).

Thus, Plaintiff may not assert a cause of action pursuant to Title 18 of the United States Code because it involves criminal statutes only; it does not provide for a civil cause of action brought by a private citizen. In other words, only the United States government may bring criminal charges against a defendant or defendants for a violation of a criminal statute. Therefore, because Plaintiff has failed to state a claim upon which relief may be granted, and granting Plaintiff leave to amend would prove futile, this Court will recommend dismissal of this claim.

**2.     29 U.S.C. § 1109**

Next, Plaintiff claims that all Defendants breached their fiduciary duties pursuant to Title 29 of the United States Code section 1109. (*See* Doc. 1 at 1.) That section provides as follows:

> (a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.
> (b) No fiduciary shall be liable with respect to a breach of fiduciary duty under this subchapter if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary.

Title 29 of the United States Code involves the Labor code, and more specifically, the protection of employee benefits pursuant to the Employee Retirement Income Security Act ("ERISA"). Plaintiff was not an employee and/or beneficiary of a retirement plan administered

4

by Defendants and thus he cannot state a cause of action pursuant to Title 29 of the United States Code. *See* 28 U.S.C. § 1132(a)(3) (providing a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan").

Here, the transaction between Plaintiff and Defendants appears to have involved financial negotiations regarding a loan for Plaintiff's business, B & T Industries. (Doc. 1 at 3, § 6.)  There is no indication that the loan involved retirement benefits or funds; accordingly, it appears the transaction was not one arising under the Labor code or ERISA, and thus, Plaintiff cannot state a claim pursuant to Title 29 of the United States Code section 1109.  Therefore, because Plaintiff has failed to state a claim upon which relief may be granted, and granting Plaintiff leave to amend would prove futile, this Court will recommend dismissal of this claim.

## FINDINGS AND RECOMMENDATIONS

For the foregoing reasons, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of section 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 1, 2010                       /s/ Gary S. Austin
                                         UNITED STATES MAGISTRATE JUDGE